UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60248-Civ-HURLEY/HOPKINS
04-CR-60004-DTKH

JEFFREY MICHAEL JENNEY,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.
_____/

### REPORT AND RECOMMENDATION CONCERNING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (DE 1) AND MOTION TO SUPPLEMENT THE PETITION (DE 10)

**THIS CAUSE** has come before this Court upon an order referring the instant petition to the undersigned United States Magistrate Judge for Report and Recommendation. (DE 4). On February 17, 2009, Petitioner filed a petition to vacate, set aside, or correct his plea and sentence under 28 U.S.C. § 2255, claiming that he was denied certain Fifth and Sixth Amendment rights which resulted in him entering a constitutionally invalid plea. (DE 1, 2). Specifically, Petitioner alleges that:

> (1) he was denied his Sixth Amendment right to the effective assistance of counsel because his attorney was "intimidated by the prosecution," which caused her to "fail to complete discovery and to make false representations to the trial judge" regarding the Government's plea offers;
>
> (2) he was denied his Fifth Amendment right to due process and Sixth Amendment right to prepare a defense because he was segregated from his co-defendants; and

1

>       (3) he was denied his Fifth Amendment right to due process
>       because the prosecution "failed to provide required discovery."

(DE 2 at pages 1-2).  The Government filed its answer to the petition on April 20, 2009.  (DE 12).  Petitioner did not file a reply.

**Petitioner's Motion to File a Supplemental Petition**

On the same day Petitioner filed his Petition, he also filed a Motion for Leave to Supplement his Petition, stating that he "expects to receive additional affidavits from multiple other witnesses" and that such affidavits "may expand upon the issues" raised in his initial petition or "create new issues that must be presented to the Court."  (DE 3).  Petitioner sought permission to supplement his initial petition and memorandum of law "at such time as the affidavits are obtained."  (DE 3).

On February 19, 2009, this Court denied Petitioner's motion for leave to supplement without prejudice to renew.  (DE 6).  The Court noted that the motion was premature and that it could not rule on whether Petitioner would be permitted to supplement his Petition without first reviewing the proposed amended petition and giving the Government an opportunity to respond to the motion.  *Id.* (*citing Barnes v. Denney*, 2008 WL 2357054, *3 (E.D. Cal. June 6, 2008)(where motion for leave to amend was unaccompanied by the proposed amendment, court found motion to be "incomplete, as well as premature")).

Thereafter, on April 15, 2009, Petitioner filed a Supplemental Petition, which sought to add another basis for his Sixth Amendment ineffective assistance of counsel claim.  (DE 10, 11).[1]

---

[1] The Initial Petition included a claim for ineffective assistance of counsel based on the Government's alleged intimidation of Petitioner's attorney which "forc[ed] her to fail to

The Supplemental Petition failed to provide any basis for permitting the additional claims, which appeared to be untimely since they were raised well beyond the one year period after Petitioner's conviction became final on February 27, 2008. *See* 28 U.S.C. § 2255(f). Nor did the Supplemental Petition address whether or how the new claims related back to the Initial Petition. *See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000)(where petitioner's claims in his original § 2255 motion were timely filed, but the new claims in his amended § 2255 motion were untimely, petitioner's new claims would be barred unless he could demonstrate relation back under Fed. R. Civ. P. 15(c)). Accordingly, on April 21, 2009, the Court directed Petitioner to file a memorandum of law by May 12, 2009, detailing why the Court should consider the Supplemental Petition. (DE 13).

      Despite the Court's Order, Petitioner did not file the memorandum of law until May 28, 2009, more than two weeks after the deadline. (DE 14). Petitioner never asked this Court for an extension of time and failed to address the untimeliness of his filing in his supplemental memorandum of law. Thus, the Court is well within its rights to decline to consider the memorandum of law and recommend that the motion to supplement be denied on this basis alone. *See Streeter v. City of Pensacola*, 2009 WL 248103, *1 (N.D. Fla. Feb. 2, 2009)(court declined to consider untimely filed memorandum of law).

      However, even if the Court were to consider the merits of the untimely submission, it would still recommend denial because Petitioner failed to provide an adequate basis for

---

complete discovery and to make false representations to the trial judge." (DE 1). The Supplemental Petition alleged ineffective assistance based on counsel's "failure to ensure that the Petitioner received a fair sentencing hearing and [to] raise issues supporting the lowest possible sentence." (DE 14).

considering his Supplemental Petition, stating only that he used "all due diligence" to file the new claims in a timely manner. (DE 14 at ¶ 6). Aside from the fact that such is not the proper standard for the Court to apply, Petitoner's contention is belied by the fact that any purported ineffectiveness at sentencing should have been immediately apparent.

Regardless, Petitioner's relation back argument must fail. Petitioner asserts that his new ineffective assistance of counsel claims relate back to the Initial Petition because the sentencing transcript is cited in both petitions. (DE 14 at page 6). Petitioner does not cite to any legal authority to support this interpretation of the relation back test and, in fact, there is case law directly refuting it. *See Hunt v. Kernan*, 2006 WL 5819789, *13 (C.D. Cal. March 31, 2006)(claim raised in supplemental petition was untimely and did not relate back even though it referenced same transcript as a timely claim).

In any event, Petitioner has not demonstrated that the new claims relate back to the old claims because the purported instances of ineffectiveness arose during two distinct portions of the case and under entirely separate factual circumstances. *See United States v. Gonzalez*, __ F.3d ___, 2009 WL 5103550, *4 (5th Cir. Dec. 29, 2009)("[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision;" if the new ground for relief involves facts that "differ in both time and type" from those in the original pleading, then the new claim will be time-barred).

Here, in the Initial Petition, Petitioner alleged that his attorney was ineffective during the discovery and plea bargaining phases of the case because she was intimidated by the prosecutor. In his Supplemental Petition, Petitioner alleges that his attorney was ineffective during the

4

sentencing phase of the case, but not as a result of any intimidation.  The facts do not establish the degree of commonality required by the relation back test.  *See Davenport*, 217 F.3d at 1344 ("for an untimely §2255 claim to 'relate back' under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings . . . [i]nstead, in order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence")(*internal citation and quotations omitted*).  *See also Gonzalez*, 2009 WL 5103550 at *4 (newly proposed claim that attorney failed to file an appeal involved "an entirely distinct type of attorney malfeasance" from that alleged in the initial petition which alleged errors in the sentencing phase, therefore, new claim was time-barred).[2]  Therefore, the Court **RECOMMENDS** that Petitioner's Motion to Supplement his Petition be **DENIED**. (DE 10, 11).[3]

For the reasons explained below, this Court also **RECOMMENDS** that Petitioner's Initial Petition be **DENIED.**  (DE 1).

---

[2]  *See also Mayle v. Felix*, 545 U.S. 644, 664 (2005)("[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order");  *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000)(Rule 15(c)(2) "permit[s] an amendment to a petition to provide *factual clarification or amplification* after the expiration of the one-year period of limitations," and is not intended "to add an entirely new claim or new theory of relief")(*emphasis added*).

[3]  The Court also rejects Petitioner's argument that failure to consider his supplemental claim would "result in a violation of the Suspension Clause."  Essentially, Petitioner asks this Court to disregard the timeliness requirements under AEDPA, which he contends amount to an unconstitutional "suspension of the Great Writ."  (DE 14 at pages 10-11).

## BACKGROUND

On March 21, 2005, Petitioner entered into a plea agreement with the Government whereby he pled guilty to Counts 3, 4 and 66 of the superceding indictment in case number 04-60004-CR-HURLEY. (DE 303).[4]

At the change of plea hearing, the Court engaged Petitioner, who was represented by Attorney Randee Golder, in a lengthy colloquy to ensure that his plea was knowing and voluntary. *See* Transcript of Plea Colloquy (DE 388). The Court went through each of the rights Petitioner would be waiving with his plea and made sure that Petitioner fully understood the consequences of his waiver. *Id.* at pages 17-22, 52-53, 58. The Court ensured that no one had made any promises to Petitioner and that the reason Petitioner was pleading guilty was because he was in fact guilty of committing the crimes set forth in Counts 3, 4 and 66. *Id.* at pages 56, 73-75, 89-92. The Court concluded that Petitioner was "fully competent and capable of entering informed pleas" and accepted his plea as "knowing and voluntary." *Id.* at page 92.

On May 31, 2005, two months after Petitioner had pled guilty, his attorney, Ms. Golder, filed a motion to compel discovery and sought the imposition of sanctions against the Government. (DE 351). The motion made allegations of prosecutorial misconduct similar to those raised in the instant Petition, namely, that the Government failed to provide Petitioner with certain discovery, and prevented his attorney from inspecting discovery in the Government's possession. Ms. Golder also claimed that Roger Powell, the assigned Assistant United States

---

[4] Count 3 of the indictment charged that Petitioner was engaged in a conspiracy to possess with intent to distribute at least 1000 kilograms of marijuana, Count 4 charged that Petitioner was engaged in a conspiracy to conduct financial transactions with the proceeds of his marijuana sales, and Count 66 charged that he bribed two potential witnesses not to communicate with investigators.

Attorney, had threatened and intimidated witnesses and attorneys related to the case and had purposely segregated Petitioner from his co-defendant wife in an effort to coerce their cooperation. (DE 351). On July 20, 2005, United States Magistrate Judge Ann E. Vitunac conducted an evidentiary hearing on the motion. (DE 385).

Thereafter, on August 25, 2005, Judge Vitunac issued a Report and Recommendation regarding her findings as to the knowing and voluntary nature of Petitioner's plea. (DE 401). Judge Vitunac noted that during the evidentiary hearing, Petitioner testified that Ms. Golder had never presented him with the three plea options discussed at his change of plea hearing or provided him with a written plea agreement. *See* Hearing Transcript at pages 119 - 120 (DE 385). Petitioner also stated that he was unaware of the possibility of cooperating with the Government. *Id.* at pages 120-122. Based on those statements, Judge Vitunac was "concerned that [Petitioner] may not have been fully informed about the plea offers available to him" and "[i]n an abundance of caution," she recommended that the District Court reaffirm his plea prior to sentencing. (DE 401 at page 2). On August 29, 2005, in accordance with Judge Vitunac's recommendation, the District Court gave Petitioner an opportunity to reconsider his plea, but Petitioner affirmed his original plea. (DE 480 at pages 16, 18-19, 26-28). Thereafter, the District Court conducted a seven-day sentencing hearing that extended into November 2005. (DE 481-486). Petitioner was sentenced on November 15, 2005. (DE 439).[5]

---

[5] Petitioner filed his notice of appeal on November 17, 2005. (DE 440). On November 8, 2007, the Eleventh Circuit affirmed Petitioner's conviction (DE 549). The United States Supreme Court denied certiorari on February 27, 2008. (DE 558). Petitioner timely filed the instant Petition within one year of that denial on February 18, 2009. The Government does not dispute that the Petition is timely. (DE 12 at page 4).

In the meantime, on October 14, 2005, Judge Vitunac issued another Report and Recommendation regarding Petitioner's motion to compel and request for sanctions against the Government. (DE 422). In her Report, Judge Vitunac found that there was no evidence to support the allegations of prosecutorial misconduct made by Attorney Golder. (DE 422 at page 8). Judge Vitunac stated that

> [t]he Court is extremely concerned about the allegations contained in Golder's Motion. Golder goes so far as to accuse the Government of lying. Golder accuses the Government of "embark[ing] on a series of efforts to threaten and intimidate witnesses and attorneys." The Court cannot condone the use of such incendiary allegations without concrete evidence to support the same. In this case, there is no such evidence to support Golder's allegations. In fact, the evidence suggests that Golder herself has been less than candid with the Court . . . [t]he Court is concerned that Golder has allowed her vigor in representing her clients to overshadow her duty of candor to the Court.

*See* Report and Recommendation dated October 14, 2005 at page 8 (DE 422)(*internal citations omitted*). Judge Vitunac concluded that the Government had "met its discovery obligations" and should not be subject to any sanctions. *Id.* at pages 8-9.[6] Judge Vitunac also recommended that Attorney Golder be ordered to "enroll in and successfully complete an ethics seminar." *Id.* at page 9.

---

[6] Testimony at the July 20, 2005 evidentiary hearing revealed that Ms. Golder was given repeated access to materials in the Government's possession and that over the course of several discovery conferences, more than 500 pages of discovery were copied and provided to Ms. Golder at her request. (DE 385 at pages 37, 58-63).

## DISCUSSION

### I. Procedural Bars

The Government asserts that Petitioner's claims are procedurally barred because he did not raise them in his direct appeal.[7]

It is well settled that a defendant who fails to raise trial court objections on appeal is procedurally barred from presenting them in a § 2255 petition, "absent a showing of cause and prejudice or a fundamental miscarriage of justice." *Genge v. United States*, 279 Fed. Appx. 897, 898 (11th Cir. 2008)(*citing United States v. Frady*, 456 U.S. 152, 166-68 (1982). *See also United States v. Sullivan*, 2002 WL 77076, *3 (D. Me. Jan. 18, 2002)("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal" where a petitioner attempts to raise issues in a habeas petition that he could have raised on direct appeal).[8]

The Court notes that here, although Petitioner did raise similar claims of prosecutorial misconduct at the trial court level (including purported intimidation tactics, unnecessary segregation of the defendants and the withholding of discovery), these issues were resolved by the trial court and, more importantly, were not raised by Petitioner in his direct appeal. Petitioner's failure to raise these

---

[7] In his direct appeal, Petitioner only alleged that the District Court improperly injected itself into the plea negotiations and that the District Court erred in determining Petitioner's role in the offense and the weight of marijuana attributable to him. *See* Petitioner's Appellate Brief (DE 12, Exhibit C).

[8] A showing of "cause" requires the petitioner to demonstrate that an external factor impeded his ability to appeal, while "actual prejudice" requires the petitioner to demonstrate that he was denied "fundamental fairness," or that, but for the error, he "might not have been convicted." *United States v. Kennedy*, 29 F. Supp. 2d 662, 677 (D. Colo. 1998)(*quoting Murray v. Carrier*, 477 U.S. 478, 488-94 (1986)). The "miscarriage of justice" exception to the cause and prejudice test is appropriate only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . ." *Kennedy,* 29 F. Supp. 2d at 677 (*quoting Murray*, 477 U.S. at 496).

9

issues in his appellate brief amounts to a procedural default and prevents this Court from considering the merits of those claims. *See Reiter v. United States*, 371 F. Supp. 2d 417, 430 (S.D.N.Y. 2005)(even though petitioner's counsel objected to the jury charge at trial, he failed to raise the issue on his direct appeal and, therefore, he was procedurally barred from raising it in his §2255); *Walker v. United States*, 306 F. Supp. 2d 215, 223 (N.D.N.Y. 2004)("[p]rocedural default may be found if a § 2255 petitioner has waived or abandoned a claim by failing to either preserve it for, or raise it on direct appeal"); *Sullivan*, 2002 WL 77076 at *3 (where a claim petitioner had raised at trial was abandoned on appeal, it was deemed to have been waived and thus procedurally barred for purposes of collateral review); *Beras v. United States*, 1999 WL 754277 (E.D.N.Y. Aug. 19, 1999)(petitioner's claim that the Government's misconduct infringed on his due process rights was procedurally barred, and in any event, the court found the due process claim to be meritless).[9]

Therefore, the only claim in the Petition that the Court may consider is the ineffective assistance of counsel claim. The Supreme Court has held that a defendant who was convicted of a crime shall not be barred from raising a § 2255 claim of ineffective assistance of counsel, even if the issue was not raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504-505 (2003). The *Massaro* Court concluded that a "§ 2255 motion is preferable to direct appeal for deciding an ineffective-assistance claim." *Id*. The *Massaro* decision reinforced the earlier Eleventh Circuit decision in *United States v. Griffin*, 699 F.2d 1102 (1983), where the court held that an ineffective assistance of counsel claim should not be brought up on direct appeal, and that the appropriate venue

---

[9] Petitioner does not even attempt to establish cause and prejudice or his actual innocence in the Petition, and therefore, fails to overcome the procedural default. *See Peagler v. United States*, 2009 WL 1383325, *4 (M.D. Ala. May 15, 2009)(where petitioner failed to assert cause and prejudice for this procedural default, court recommended dismissal of his §2255 petition).

to bring such a claim is in a § 2255 motion. *Id.*

Based on the foregoing, the Court will only consider the merits of Petitioner's ineffective assistance of counsel claim.

**II. Sixth Amendment Ineffective Assistance of Counsel Claim**

In order to determine if counsel has been unconstitutionally ineffective, courts are guided by the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. The Petitioner bears the burden of demonstrating, by a preponderance of the evidence, that counsel's performance was unreasonable. *Chandler v. United States,* 218 F.3d 1305, 1313-14 (11th Cir. 2000). The Eleventh Circuit has recognized that when asserting a claim of ineffective assistance of counsel, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Id.* at 1313.

The *Strickland* Court established a two prong test that the defendant must meet in order to demonstrate that counsel's performance was ineffective:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable.

11

*Id.* at 687.

The standard to be used to determine whether counsel's performance was deficient is the objective standard of "reasonableness under the prevailing professional norms." *Id*. at 688; *see also Chandler,* 218 F.3d at 1314. The *Strickland* Court further held that courts should be highly deferential in their scrutiny of counsel's performance. *Id.* at 689 ("[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range or reasonable professional assistance"); *see also Chandler*, 218 F.3d at 1314-15 (counsel's conduct is presumed reasonable). "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690.

In meeting the prejudice prong of the analysis, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. The Supreme Court held that there is no need to address a particular prong of the test before the other, nor any reason to address both prongs if the defendant fails to meet one. *Strickland,* 466 U.S. at 696.

Here, Petitioner asserts that Ms. Golder was so intimidated by the prosecutor that she was ineffective because she failed to complete discovery and made "false representations" to the trial

judge.[10] Petitioner claims that since "Ms. Golder never obtained full discovery in this case . . . it was impossible for [him] to gauge between multiple plea offers" and that he was "unaware of viable alternatives to accepting the plea agreement at issue." (DE 2 at page 9). Petitioner states that Ms. Golder "incorrectly stated the risks and benefits associated with the plea proposals offered by the government" and that "[s]uch caused [him] to enter a plea with no tangible benefits instead of accepting a plea that would have resulted in a lesser sentence." *Id.* at pages 9-10.

Petitioner's claims are belied by the record. First, the Court rejects the assertion that Ms. Golder was in any way intimidated by the Government in defending this case. On the contrary, the motions and transcripts from the underlying criminal action attest to Ms. Golder's zealous advocacy on behalf of her client. The Court can find no evidence in this record that Ms. Golder was in any way reluctant or fearful to engage or confront the Government; rather, this record is replete with instances where Ms. Golder vehemently challenged the Government and demanded the discovery to which she believed she was entitled. Despite Ms. Golder's frequent allegations of "threats" and "intimidation" by the Government, the record indicates that she was undaunted in her representation of Petitioner. Notably, Petitioner does not provide an affidavit from Ms. Golder in support of his conclusory statements.

Second, Petitioner's discovery allegations were thoroughly addressed during the evidentiary hearing conducted by Judge Vitunac, who concluded that the Government had met all of its

---

[10] In making this allegation, Petitioner relies upon Judge Vitunac's findings that Ms. Golder had been "less than candid" with the Court (DE 422) and that Petitioner "may not have been fully informed about the plea offers available to him." (DE 401). According to Petitioner, "[i]f counsel was unable to clearly express to the court the plea offers made in this case, it is just as likely that the meaning of the plea offers was not conveyed properly to [him]." (DE 2 at page 9).

13

discovery obligations. Thus, there is no support for Petitioner's claim that discovery was incomplete and prevented him from entering a knowing and voluntary plea.

Third, Petitioner's claim that it is unlikely that the Government's plea offers were adequately conveyed to him is unconvincing. Rather, Petitioner's statements to the District Court prior to his sentencing indicate that he was well aware of the options before him. Petitioner specifically declined to cooperate with the Government and refused to plead guilty to a continuing criminal enterprise charge, even though such offered him the possibility of receiving a reduced sentence for his substantial assistance, because Petitioner and his attorney concluded that the information he possessed would be insufficient to achieve a reduced sentence. (DE 480 at pages 11, 15). In any event, even if Petitioner had any confusion over the plea offers available to him, such confusion was cured prior to sentencing when the District Court allowed Petitioner and Ms. Golder additional time to discuss the available plea offers and obtain any clarifications necessary from the Government. (DE 480 at pages 19-24). At the conclusion of that session, the Court gave Petitioner the opportunity to change his plea, but Petitioner opted to affirm it. (DE 480 at pages 27-28). At no time did Petitioner or his attorney move the District Court to vacate or set aside the plea.

Even assuming *arguendo* that Ms. Golder failed to obtain complete discovery or to advise Petitioner about the plea offers available to him and that such failure rendered her performance deficient, Petitioner still fails to establish any prejudice as required by *Strickland*. Indeed, the only evidence to support Petitioner's claim of prejudice are the belated self-serving statements provided by him and his sister-in-law that he might have chosen a different plea bargain or possibly even proceeded to trial. *See* Petitioner's Affidavit and Affidavit of Adriana Zamba-Buelna (DE 2). These allegations are completely contrary to the statements Petitioner made to the Court under oath both

at the plea colloquy and when he reaffirmed his plea prior to sentencing.

As the Supreme Court has stated,

> the representations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge in accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). *See also United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999)(where a defendant told the court that his guilty plea was not conditioned on anyone's sentencing promises or predictions and he was given several opportunities to reveal any improper representations by his attorney, but did not do so, court rejected his later claim that he would not have pled guilty but for his attorney's flawed predictions);  *Zilich v. Reid*, 36 F.3d 317, 320 (3d. Cir. 1994)("[t]he plea colloquy is designed to uncover hidden promises or representations as to the consequences of a guilty plea" and therefore, "declarations made under oath ought not to be lightly cast aside");  *Dalisay v. United States*, 2008 WL 1821816, *2 (S.D.N.Y. April 22, 2008)("[t]he petitioner cannot refute his solemn declarations under oath at his guilty plea simply with an affidavit that states the opposite"); *United States v. Graves*, 2007 WL 3232178, *5 (S.D. Ala. Oct. 30, 2007)(habeas petitioner failed to overcome presumption of truth accorded his representations at his plea colloquy).

### III.  No Evidentiary Hearing is Required

Petitioner contends that he is entitled to an evidentiary hearing. (DE 2). Section 2255 provides that a hearing shall be granted "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

15

The burden rests with the Petitioner to establish the need for an evidentiary hearing. *Birt v. Montgomery,* 725 F.2d 587, 591 (11th Cir. 1984). "Bare allegations" in a petitioner's subsequent affidavit, which are "affirmatively contradicted" by the record, are insufficient to warrant an evidentiary hearing. *United States v. Carter*, 2007 WL 2774472, *8 (M.D. Ala. Sept. 24, 2007)(court found no evidentiary hearing warranted where petitioner offered only "the mere allegation that he would not have pleaded guilty" but for his attorney's alleged misrepresentations regarding his sentence). *See also United States v. Butt*, 731 F.2d 75, 80 n. 5 (1st Cir. 1984)("Evidentiary hearings have been granted to § 2255 appellants who have claimed that their plea was induced by attorney misrepresentations only when the allegations were highly specific and usually accompanied by some independent corroboration.").

Here, given the Court's finding that Petitioner has failed to allege facts necessary to establish the ineffective assistance of counsel under *Strickland*, this Court concludes that no hearing on Petitioner's claims is required. *See Hill v. A.L. Lockhart,* 474 U.S. 52, 60 (1985)(district court did not err in declining to hold an evidentiary hearing on petitioner's ineffective assistance of counsel claim where the petitioner "failed to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland v. Washington* test."). *See also Thomas v. United States*, 27 F.3d 321, 327 (8th Cir. 1994)(no hearing required where district court correctly ruled that petitioner was "not entitled to any relief"); *Birt v. Montgomery,* 725 F.2d 587, 591 (11th Cir. 1984)(finding that no evidentiary hearing was necessary where the petitioner failed to state an adequate claim for relief in his habeas petition); *Dalisay v. United States*, 2008 WL 1821816, *2 (S.D.N.Y. April 22, 2008)(court found petitioner not entitled to evidentiary hearing where his ineffective assistance of counsel claim was supported only by an affidavit that contradicted petitioner's own statements under oath at his plea allocution).

### REPORT AND RECOMMENDATION TO THE DISTRICT COURT

Accordingly, this Court **RECOMMENDS** that the District Court **DISMISS** each of the Petitioner's claims and **DENY** Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (DE 1).

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* Statutory Time-Periods Technical Amendments Act of 2009, H.R. 1626, sec. 6, amending 28 U.S.C. § 636(b)(1)(providing that "within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). *See also* Fed. R. Civ. P. 72(b) (2009) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 4 day of February, 2010.

                                                                                                                               */s/ James M. Hopkins*

                                                                                             JAMES M. HOPKINS
                                                                                             UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Daniel T. K. Hurley
AUSA Roger Powell
Jacqueline E. Cannavan, Esq.
Robert A. Ratliff, Esq.